By the Court.—Freedman, J.
This is an appeal from an order of injunction enjoining and restraining *92 the defendant Noyes, as referee appointed by a certain judgment, from making, executing or delivering any conveyance or assignment of the leasehold property described in the complaint, and also enjoining and restraining the defendants, and each of them, from in any manner interfering with the said property, and appointing a receiver of the rents and profits of the said property during the pendency of the action.
The action was brought to compel the specific performance of a written agreement for- the conveyance of the said leasehold property. The alleged agreement was not executed by the appellants, or either of them, but was executed by one W. I. Butler, an attorney and counsellor at law, and the .attorney of the defendant H. Virginia Deshler, in an action for the foreclosure of a mortgage described in the case on appeal. As the attorney of record in such action, he clearly had no power to make any such agreement. Whether he had been empowered- by the appellants, or either of them, to make the agreement, as attorney in fact, remained, on the motion for the injunction, &c., a disputed question of fact. The appellants, by their affidavits, strenuously insisted that the agreement had been made without their authority and without their knowledge or consent.
Another question of fact, which remained in dispute on the motion, was whether, at the time of the commencement of this action, there was, or was not, another action pending in the Supreme Court between the same parties and upon the same cause of action. That such an action had, at some prior time, been instituted, was conceded. Moreover it appeared that the plaintiff in the present action had filed a notice of lis pendens.
Under these circumstances the order appealed from should not have been granted.
On the application for the injunction and the appointment of a receiver, it was incumbent on the plaintiff to show first, a strong probability of an ultimate decision that he is entitled to the relief demanded *93 in the complaint, and secondly, that the property is in danger of being lost, or materially injured or impaired, before final determination. The plaintiff failed to sustain the burden of proof in these respects.
The case therefore falls within that class of cases in which the rule is, that an injunction will not be granted restraining the disposition of real property during the pendency of an action in relation thereto, where the rights of the plaintiff are fully protected by the filing of a notice of lis pendens.
The order should be reversed with ten dollars costs and disbursements to be taxed.
Sedgwick, Ch. J. and Teuax, J., concurred.